IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

COREY SCHOENROCK,

                Plaintiff,                ORDER

v.

                                                09-cv-0565-bbc

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

---

      On January 12, 2010, in response to the government's motion to dismiss this social security appeal as untimely, this court directed plaintiff Corey Schoenrock to submit a statement of all of the reasons why he did not file his civil action until more than 60 days after the Appeals Council denied his request for review. In reply, plaintiff asserts the following: 1) he was busy preparing to move out of his parents' home; 2) he has had other legal problems and court dates to remember; and 3) he has had car trouble.

      As the magistrate judge noted in the January 12 order, a plaintiff seeking equitable tolling bears the burden of establishing that he pursued his rights diligently and that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Unfortunately for plaintiff, his assertions show that he was not acting with the diligence necessary to permit this court to excuse his failure to file his complaint within the 60-day limitations period prescribed by the Social Security Act. Further, none of his explanations suggest the sort of "extraordinary circumstances" that would merit equitable tolling. See, e.g., Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (confusion and counsel error in calculating the limitations period falls "far short of showing extraordinary circumstances necessary to support equitable tolling"); Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006) (lack of legal expertise no basis for

equitable tolling); Wilson v. Battles, 302 F.3d 745, 748 (7th Cir. 2002) (litigant's or attorney's mistake or confusion is not extraordinary circumstance). Accordingly, on the basis of the undisputed assertions in the government's motion and plaintiff's failure to adduce facts showing that he qualifies for equitable tolling, this case must be dismissed.

ORDER

IT IS ORDERED that the motion of defendant Michael Astrue, Commissioner of Social Security, to dismiss the complaint as untimely is GRANTED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 3rd day of February, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge